IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Northampton County Children, Youth and Families Division, | : | **CASE SEALED** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 184 C.D. 2025 |
| | : | Submitted: May 12, 2026 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE WALLACE                              FILED:  July 10, 2026

In this sealed child abuse expunction case, Northampton County Children, Youth and Families Division (County) petitions for review of the January 27, 2025 order of the Department of Human Services (Department), Bureau of Hearings and Appeals (Bureau), adopting the adjudication and recommendation (Recommendation) of an Administrative Law Judge (ALJ).  In its Recommendation, the ALJ recommended sustaining the alleged perpetrator's (Father) appeal, thereby amending the Child Protective Services Investigation Report (Report) with the

ChildLine and Abuse Registry (ChildLine)[1] from founded to indicated under the Child Protective Services Law (CPSL).[2] On appeal, the County presents a very narrow factual scenario regarding when a perpetrator has pled guilty to a criminal offense, and additionally, has admitted that his plea related to the conduct alleged in the Report. In this specific factual instance, the County asserts the Bureau erred in determining a judicial adjudication must additionally include a specific finding of child abuse. Upon review, we reverse.

## I.    Background

On September 26, 2019, the Department filed an indicated Report against Father, and subsequently, notified Father he had been listed as a perpetrator of abuse in an indicated Report in ChildLine. Reproduced Record (R.R.) at 74a. Father appealed, and, on December 13, 2022, the Bureau notified the parties of a hearing scheduled on February 21, 2023. *Id.* On January 11, 2023, the Department changed the Report from indicated to founded because Father entered a guilty plea to one count of Simple Assault on September 1, 2020. *Id.* Thereafter, based upon Father's guilty plea, the Department filed a motion to dismiss Father's appeal of the founded

---

[1] "ChildLine" is defined as "[a]n organizational unit of the Department which operates a Statewide toll-free system for receiving reports of suspected child abuse . . . , refers the reports for investigation and maintains the reports in the appropriate file." 55 Pa. Code § 3490.4.

[2] 23 Pa.C.S. §§ 6301-88. A report of suspected child abuse may be either "indicated," "founded," or "unfounded," and information pertaining to "indicated" and "founded" reports is placed in the ChildLine registry. *See* Sections 6337 and 6338 of the CPSL, 23 Pa.C.S. §§ 6337, 6338. An "indicated report" is a report of child abuse where the Department or the county agency, after completing its investigation into the report, "determines that substantial evidence of the alleged abuse by a perpetrator exists." 23 Pa.C.S. § 6303(a). As discussed more fully below, a "founded report" may be sustained with evidence of, among other things, a judicial adjudication, including the entry of a guilty plea, based on a finding that a child who is a subject of the report has been abused and the adjudication involves the same factual circumstances involved in the allegation of child abuse. *Id.*

Report. *Id.* On February 14, 2023, the Bureau denied the Department's motion to dismiss. *Id.*

The ALJ held a hearing[3] on the change of status on February 21, 2023, and found the following facts. The subject child (Child) is a female born in 2006, and Father is her biological father. *Id.* at 75a. On August 12, 2019, Father grabbed Child by the throat, pushed her into a wall and the ground, and put her in a headlock, which resulted in the filing of charges against Father; namely, one count of Simple Assault and one count of Harassment – Subject Other to Physical Contact. *Id.* at 10a, 75a-76a. The County received a child abuse referral report of suspected child abuse for this incident on August 13, 2019, which alleged Father "was seen in a video grabbing the [Child] by the neck of her shirt, throwing her to the floor and putting her in a chokehold." *Id.* at 76a. On September 26, 2019, the Department filed the underlying indicated Report of child abuse with ChildLine, naming Father as a perpetrator of child abuse, and the next day, mailed notice to Father.[4] *Id.* On September 1, 2020, Father pled guilty to one count of Simple Assault relative to the August 12, 2019 incident. *Id.* The Northampton County Court of Common Pleas (Common Pleas) did not make a finding of child abuse. *Id.* On January 11, 2023, because of Father's guilty plea, the County changed the Report from indicated to founded.[5] *Id.* The ALJ found Father's testimony to be credible. *Id.*

---

[3] At the hearing, Father represented himself and testified telephonically. R.R. at 31a, 74a. The County did not offer any testimony; rather, counsel presented a legal argument. *Id.* at 74a.

[4] In its Investigation/Assessment Outcome Report (CY 48), the County identified the "Category of Abuse/Neglect" as "Creating a Reasonable Likelihood of Bodily Injury To A Child Through Any Recent Act/Failure to Act." R.R. at 8a.

[5] In its Change of Status Report (CY 49), the County noted: "On 9/1/20, the [Father pled] guilty to simple assault. This case was given a founded status with the same factual circumstances involved in the allegation of child abuse." R.R. at 23a.

The ALJ framed the issue as "whether the Department is properly maintaining a founded report of child abuse against [Father]." *Id.* at 79a. Because Father pled guilty to Simple Assault based upon the August 12, 2019 incident, the ALJ explained the Department's burden for maintaining a founded report under the CPSL as follows:

> [T]he Department must provide substantial evidence (1) the [Child] meets the definition of a child, (2) the [Father] meets the definition of a perpetrator, (3) there has been a judicial adjudication where there is an entry of a plea of guilty, (4) the guilty plea contains a finding that the subject child has been abused, and (5) the finding of abuse pertains to the same factual circumstances as those involved in the instant appeal.

*Id.* at 79a-80a. The ALJ found the Department satisfied the first and second prongs because the Child was 12 years old[6] at the time of the alleged incident, and because as her biological father, Father satisfied the definition of "perpetrator."[7] *Id.* at 80a. Regarding the third prong, the ALJ determined "[a]lthough the Department did not get into the specifics of the incident, [Father] agreed in his testimony that his guilty plea was for the same incident in the [R]eport." *Id.* Additionally, the ALJ compared the allegations of the Report with the allegations of the criminal information. *Id.* Consequently, the ALJ determined "the Department provided substantial evidence [Father] entered a guilty plea to the charge of Simple Assault, which was related to the same factual circumstances as those involved in the instant appeal." *Id.*

---

[6] The CPSL defines "child" as "[a]n individual under 18 years of age." 23 Pa.C.S. § 6303(a).

[7] The CPSL identifies multiple classes of people who qualify as a "perpetrator," including "[a] parent of the child." 23 Pa.C.S. § 6303(a). The CPSL defines "parent" as "[a] biological parent, adoptive parent or legal guardian." *Id.*

4

Regarding the fourth and fifth prongs, the ALJ provided the following analysis:

> [Father] testified that [Common Pleas] did not charge him or [make] any findings that he committed child abuse because of the August 12, 2019 incident. The Department also failed to provide any evidence of any finding of abuse by [Common Pleas]. As a matter of fact, counsel for the Department argued a finding of abuse was not required as long as the guilty plea was related to the same factual circumstances as those involved in the instant appeal. However, despite counsel's arguments, the law is very specific about what is required for the Department to maintain a founded report. The [CPSL] is very clear in that a founded report requires that "there has been a judicial adjudication **based on a finding that a child who is a subject of the report has been abused** *and* the adjudication involves the same factual circumstances involved in the allegation of child abuse.["] (Emphasis added). In other words, the judicial adjudication must not only involve the same factual circumstances involved in the allegation of child abuse, but it must also be based on a finding that the subject child has been abused.

*Id.* at 80a-81a. Thus, the ALJ concluded "because the Department did not provide substantial evidence the judicial adjudication contained a finding of child abuse by [Father], it also failed to prove by substantial evidence that they are correctly maintaining a founded report of child abuse against [Father]." *Id.* at 81a. The ALJ recommended the Bureau sustain Father's appeal, and the Department be directed to change the Report status from founded to indicated. *Id.* The Bureau, by order dated January 27, 2025, adopted the ALJ's Recommendation in its entirety. *Id.* at 72a.

The County timely petitioned this Court for review. On appeal, the County raises the sole issue of whether, in a case involving the same factual circumstances in the criminal case and the Report, the Department committed an error of law by requiring a specific finding of child abuse as part of the guilty plea to serve as the basis for changing the Report status from indicated to founded. County's Br. at 4.

## II. Analysis

In expunction cases, our review is limited to determining whether substantial evidence supports the necessary findings of fact, whether the Department committed any errors of law, or whether the Department violated a party's constitutional rights. *See G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 672 (Pa. 2014) (citation omitted). Because the issue before us concerns a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.* at 670 n.5. "In other words, we do not defer to the [Bureau's] conclusions of law, and we reassess the record with a fresh pair of eyes." *Allegheny Cnty. Dep't of Health v. Wilkerson*, 329 A.3d 111, 117 (Pa. Cmwlth. 2024).

The CPSL permits an indicated report to be converted into a founded report in certain circumstances, including a "judicial adjudication based on a finding that [the] child who is a subject of the report has been abused and the adjudication involves the **same factual circumstances involved in the allegation of child abuse**." 23 Pa.C.S. § 6303(a) (emphasis added). Such judicial adjudication may include a guilty plea. *Id.* We have previously held:

> [P]ursuant to this statutory paradigm, [the County] must demonstrate that the factual circumstances of the judicial adjudication and the indicated report are **identical**, and, if it does, the report is properly designated as a founded report. This is so because the adjudication, in and of itself, normally encompasses "not only a judicial finding that the child has been abused, but that the perpetrator has been found guilty of abuse . . . ." Consequently, "[w]here a founded report is based upon such an adjudication, an appeal would, in most instances, constitute a collateral attack of the adjudication itself, which is not allowed."

*C.F., IV v. Dep't of Hum. Servs.*, 174 A.3d 683, 688 (Pa. Cmwlth. 2017) (citation and quotations omitted and emphasis added).

6

In *D.M. v. Department of Public Welfare*, 122 A.3d 1151, 1155 (Pa. Cmwlth. 2015), we determined the trial court's transcript of the petitioner's plea colloquy established the underlying factual basis for his conviction of the crime of harassment. We held that for a report to be "founded," there must be a judicial adjudication, and the judicial adjudication must involve "the same factual circumstances involved in the allegation of child abuse." *Id.* (quoting 23 Pa.C.S. § 6303). "[O]nce [the Department] has demonstrated that the factual circumstances **of the judicial adjudication** and the report are the same, the report becomes a 'founded' report." *Id.* (emphasis added). "In short, the facts adduced in the process of adjudicating the underlying criminal charge of harassment in *D.M.*, i.e., the guilty plea colloquy, factually corroborated the child abuse report with respect to 'who, what, where, and when.'" *M.O. v. Dept. of Hum. Servs.* (Pa. Cmwlth., No. 1347 C.D. 2018, filed June 27, 2019)[8] (citing *D.M.* and comparing *G.M. v. Dep't of Pub. Welfare*, 957 A.2d 377, 380 (Pa. Cmwlth. 2008), finding child sexual abuse report was founded based upon factual circumstances admitted during plea of *nolo contendere* to corruption of minors, and *R.F. v. Dep't of Pub. Welfare*, 845 A.2d 214, 218 (Pa. Cmwlth. 2004), finding child sexual abuse could not be inferred from guilty plea for endangering the welfare of a child when facts adduced during colloquy did not support such a finding).

Here, as in *D.M.*, the factual circumstances of the judicial adjudication and the Report are **identical**. *See D.M.*, 122 A.3d at 1155. At the ALJ hearing, Father agreed "that his guilty plea was for the same incident in the [R]eport." R.R. at 80a. Further, the ALJ compared the allegations of the Report ("[Father] was seen on video

---

[8] This unreported opinion is cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

grabbing [the Child] by the neck of her shirt, throwing her to the floor, and putting her in a chokehold. [The Child] had significant pain to her neck and jaw.") to the allegations of the criminal information ("[Father] grabbed [the Child] . . . by her throat area, pushing her into a wall from a seated position, grabbed her by the shirt, pushed her to the ground, put her in a headlock, and pushed her to the ground, repeatedly going around a third party, trying to keep them apart, causing pain in her jaw and redness on her [g]ums under her front teeth."). *Id.* The comparison yielded identity of "who, what, where, and when." *See M.O. v. Dep't. of Hum. Servs.*

Additionally, the CPSL defines "child abuse," in pertinent part, as "intentionally, knowingly or recklessly . . . [c]reating a reasonable likelihood of bodily injury to a child through any recent act or failure to act." 23 Pa.C.S. § 6303(b.1)(5). Here, Father pled guilty to, among other things, the crime of simple assault, which is defined as "attempt[ing] to cause, or intentionally, knowingly or recklessly caus[ing] bodily injury to another." 18 Pa.C.S. § 2701(a)(1). Thus, the facts for which Father pled guilty plainly align with the CPSL's definition of child abuse. Moreover, it was precisely this subsection of the CPSL's child abuse definition for which the County advanced its case from indicated to founded. R.R. at 8a, 23a. Thus, because of the factual corroboration and definitional alignment, the Department properly changed the status of the Report from indicated to founded upon entry of Father's guilty plea. We conclude the ALJ erred in determining the Department additionally needed to provide substantial evidence that the judicial adjudication contained a specified reference to child abuse.

## III. Conclusion

For the reasons set forth above, we reverse the Bureau's January 27, 2025 order sustaining Father's appeal, and remand the case to the Department with the direction that the Department, within 30 days, amend the status of the Report from indicated to founded.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northampton County Children, : **CASE SEALED**
Youth and Families Division, :
               Petitioner :
                :
    v. : No. 184 C.D. 2025
                :
Department of Human Services, :
               Respondent :

# **O R D E R**


    **AND NOW**, this 10th day of July 2026, the Department of Human Services (Department), Bureau of Hearings and Appeals' January 27, 2025 order is **REVERSED**, and the case is **REMANDED** to the Department with the direction that the Department, within 30 days, amend the status of the Child Protective Services Investigation Report from indicated to founded.

    Jurisdiction relinquished.


                                   _____
                                   STACY WALLACE, Judge